JUDGMENT
===========================================================================

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



NO. 98-56258
CT/AG#: CV-94-00841-JSL

L'ANZA RESEARCH INTERNATIONAL INC., a California Corporation

Plaintiff - Appellant

v.

QUALITY KING INC., a New York Corporation

Defendant - Appellee



---

APPEAL FROM the United States District Court for the Central District of California, Los Angeles.

THIS CAUSE came on to be heard on the Transcript of the Record from the United States District Court for the Central District of California, Los Angeles and was duly submitted.

ON CONSIDERATION WHEREOF, It is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is AFFIRMED. COSTS TAXED.

Filed and entered          May 20, 1999

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST
JUN 1 1 1999
by
Deputy Clerk

DOCKETED
MLD COPY PTYS
MLD NOTICE PTYS
JS-6

140

**FILED**

JUN 03 1999

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

## BILL OF COSTS

**NOTE:** If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with Circuit Rule 39-1. A late bill of costs must be accompanied by a motion showing good cause. Please refer to FRAP 39, 28 U.S.C. 1920, and Circuit Rule 39-1 when preparing your bill of costs.

L'anza Research International    v.    Quality King Distributors    CA No. 98-56258

The Clerk is requested to tax the following costs against: L'anza Research International

| COST TAXABLE UNDER FRAP 39, 28 U.S.C. 1920, Circuit Rule 39-1 | REQUESTED Each column must be completed |  |  |  | ALLOWED To be completed by the clerk |  |  |  |
|---|---|---|---|---|---|---|---|---|
|  | No. Of Documents | Pages per Document | Cost per Page | Total Cost | No. Of Documents | Pages for Document | Cost for Page | Total Cost |
| Excerpt of Record | 7 | 7 | .10 x2* | 14.00 | 7 | 7 | 10x2* | 9.80 |
| Appellant's Brief |  |  |  |  |  |  |  |  |
| Appellee's Brief | 20 | 26 | .105x2 | 109.20 | 20 | 26 | .105x2 | 109.20 |
| Appellant's Reply Brief |  |  |  |  |  |  |  |  |
| Other (See Exhibit A) |  |  |  | 85.20 |  |  |  |  |

TOTAL: $ 208.60    TOTAL: $ 119.00

**Other:** Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to Circuit Rule 39-1. Additional items without such supporting statements will not be considered.

*If more than 7 excerpts or 20 briefs are requested, a statement explaining the excess number must be submitted.
** Costs per page may not exceed 20¢ or actual cost, whichever is less. Circuit Rule 39-1.
*Double costs per 9th Circuit Decision Filed May 20, 1999

Attorneys Fees cannot be requested on this form.

I, J. Larson Jaenicke, swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed. The printer's itemized statement showing actual costs per page is attached.

Signature: _____

Name of Counsel (printed or typed) J. Larson Jaenicke    Date: June 2, 1999

Date: _____    Attorney for: Quality King Distributors

Costs are taxed in the amount of $ 119.00

Clerk of Court

By: _____, Deputy Clerk

wp.docs/formzbill REV. 11/95

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 20 1999

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| **L'ANZA RESEARCH INT'L, INC.,** ) | No. 98-56258 |
| ) | |
| Plaintiff-Appellant, ) | D.C. No. CV-94-00841-JSL |
| ) | |
| v. ) | |
| ) | |
| **QUALITY KING DISTRIB., INC.,** ) | MEMORANDUM* |
| ) | |
| Defendant-Appellee. ) | |

Appeal from the United States District Court
for the Central District of California
J. Spencer Letts, District Judge, Presiding

Submitted May 7, 1999**
Pasadena, California

Before:   BRUNETTI, WARDLAW and W. FLETCHER, Circuit Judges.

L'anza Research International, Inc. (L'anza) appeals the district court's order requiring L'anza to repay money it received from Quality King Distributors, Inc. (Quality King) in satisfaction of a judgment that was later reversed by the United States Supreme Court. We have jurisdiction under 28 U.S.C. § 1291, and we affirm and award Quality King attorney fees and double costs on appeal.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a) (2)

The parties are familiar with the long factual and procedural history of this case; therefore, we will not recount it here. Following the Supreme Court's reversal and remand, the district court entered judgment in Quality King's favor and ordered L'anza to return to Quality King $142,726.64 plus interest. Quality King had paid this sum in accordance with a stipulated judgment, after we affirmed the district court's original ruling in L'anza's favor and denied Quality King's petition for rehearing and suggestion for rehearing en banc. L'anza claims it is entitled to keep the money because: it was paid pursuant to a settlement agreement which ended the litigation over damages before the case went to the Supreme Court; Quality King was equitably estopped from seeking restitution; and Quality King could not seek restitution because its "hands" were "unclean." Each of these claims lacks merit.

1. Settlement

L'anza asserts that its exchange of a Satisfaction of Judgment for Quality King's payment of the sum stipulated in the district court's order gave rise to a "settlement" of the damages portion of its original suit, which had claimed both damages and injunctive relief. Thus, L'anza reasons, the Supreme Court's reversal on the merits worked only to dissolve the district court's injunction, but not to undo the parties' "separate" and "voluntary" settlement of L'anza's damages claim. We find no evidence or law to support this characterization of the parties' dealings.

"[W]hen a party accepts the benefits of a judgment under circumstances which indicate an intention to finally compromise and settle a disputed claim, an appeal may be foreclosed. In such a case, it is . . . the mutual manifestation of an intention to bring the litigation to a definite conclusion upon a basis acceptable to all parties which bars a subsequent appeal, and not the fact, standing alone, that

benefits under the judgment were accepted." *Hawaiian Paradise Park Corp. v. Friendly Broadcasting Co.*, 414 F.2d 750, 752 (9th Cir. 1969) (internal citations omitted).

Here, upon the district court's original ruling in favor of L'anza, the parties entered into a stipulated judgment for damages, which expressly reserved "their respective rights to challenge on appeal all orders by [the district] court and the judgment entered herein." Then, before pursuing its appeal to this court, Quality King posted a bond of $198,924. After we affirmed the judgment and denied Quality King's petition for rehearing and suggestion for rehearing en banc, L'anza's counsel sent a letter inquiring whether Quality King would pay the judgment or leave L'anza to execute on the bond.[1] After negotiating the appropriate interest rate, Quality King paid L'anza $142,726.64, representing the stipulated sum plus interest, and L'anza executed a Satisfaction of Judgment, which was filed in the district court. A month later, Quality King petitioned the Supreme Court for certiorari.

These facts do not show that the parties settled, or that Quality King paid L'anza, as L'anza asserts, out of a simple "misapprehension" of its legal rights. They show, rather, that the parties were on mutual notice of the possibility of further litigation, *see Hawaiian Paradise Park*, 414 F.2d at 752, and that Quality King paid the judgment because L'anza's inquiry, however civil, was reinforced by a bond that was $50,000 over the amount of the judgment, *see Shell Oil v. Cy Miller, Inc.*, 53 F.2d 74, 76 (9th Cir. 1931) (payment is made involuntary by "some actual or threatened exercise of power possessed, or believed to be possessed, by the party exacting or receiving the payment over the person or

---

[1] The parties' dispute over whether L'anza demanded or inquired about payment is immaterial to our resolution of this appeal.

property of another").

2. Equitable Estoppel

L'anza next claims that Quality King was equitably estopped from seeking restitution because, by paying, Quality King led L'anza to believe that the matter was finished, and L'anza relied to its detriment on whatever assurance it inferred from Quality King's conduct. We find these claims unconvincing.

First, Quality King did nothing that would signal to L'anza that it would seek no further review. If, in fact, L'anza had concluded that Quality King would not seek further review, common sense should have overtaken that conclusion. What did Quality King have to gain by settling? What did Quality King have to lose by appealing? If L'anza honestly (however mistakenly) believed that the parties had contracted to settle, Quality King's filing for certiorari within weeks of paying the judgment should have set the record straight.[2]

Second, we cannot imagine how L'anza's acting upon the mistaken belief that the monetary dispute was settled up until the time Quality King moved for restitution redounded to its detriment. Without detriment, there can be no estoppel. *See United States v. Hemmen*, 51 F.3d 883, 892 (9th Cir. 1995).

3. "Unclean Hands"

L'anza argues that Quality King's "unclean hands" prevent it from seeking equitable relief. The district court ordered restitution and denied a show cause hearing on contempt, and in doing so, necessarily found that Quality King did not have the "unclean hands" that L'anza alleges. We agree with such a finding.

L'anza purported to show–by citing discrepancies between the reports of L'anza products in Quality King's inventory and the quantities of L'anza products

---

[2] At a minimum, it shows that there was no meeting of the minds concerning settlement.

that Quality King eventually returned to L'anza–that Quality King had violated the district court's injunction by distributing L'anza products without authorization. Not only was the evidence L'anza produced susceptible to more than one interpretation; by the time L'anza brought its charge of contempt, the injunction had been invalidated by the Supreme Court's reversal of the judgment that supported it. Under the circumstances, we conclude that the district court was well within its discretion when it declined to initiate a contempt inquiry, and did not clearly err when it decided that Quality King's "hands" were "clean" enough to enter the courts of equity. *See Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 814 (1945).

We affirm the district court's order of restitution. We grant Quality King's motion for attorney fees and award double costs as a sanction against L'anza for pursuing a frivolous appeal. *See NLRB v. Unbelievable, Inc.*, 71 F.3d 1434, 1441-42 (9th Cir. 1995); *cf. Caldwell v. Puget Sound Elect. Apprenticeship and Training Trust*, 824 F.2d 765, 768 (9th Cir. 1987). This case is referred to the Appellate Commissioner to make the necessary findings and enter an appropriate order with respect to the amount of the fee award.

**AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST
JUN 11 1999
by_____
Deputy Clerk

MOATT   INVATT
                                                                    i

INTERNAL USE ONLY: Proceedings include all events.
98-56258 L'Anza Research Intl v. Quality King Inc.

| | |
|---|---|
| L'ANZA RESEARCH INTERNATIONAL INC., a California Corporation<br>    Plaintiff - Appellant | Raymond H. Goettsch, Esq.<br>213/436-1887<br>Suite 400<br>[COR LD NTC ret]<br>LAW OFFICE OF RAY GOETTSCH<br>211 East Ocean Boulevard<br>P.O. Box 21978<br>Long Beach, CA 90801-5978 |
| v. | |
| QUALITY KING INC., a New York Corporation<br>    Defendant - Appellee | J. Larson Jaenicke<br>[COR LD NTC ret]<br>Michael B. Garfinkel, Esq.<br>310/203-0935<br>[COR LD NTC ret]<br>RINTALA, SMOOT, JAENICKE & REES<br>10351 Santa Monica Boulevard<br>Suite 400<br>Los Angeles, CA 90025 |